UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN D. KANEY, JR.; and
COUNTY OF VOLUSIA,

      Plaintiffs,

v.                                         Case No. 6:17-cv-185-Orl-37GJK

KIMBERLY WAS; JUSTIN KENNEDY;
THEODORE DORAN; WAVERLY
MEDIA, LLC; RAMARA GARRETT;
and JAMES SOTOLONGO,

      Defendants.
_____

THEODORE DORAN,

      Third Party
Plaintiff,

v.

JONATHAN D. KANEY, JR.; DOUG
DANIELS; PAT PATTERSON;
PATRICIA NORTHEY; and DEBORAH
DENYS,

      Third Party
      Defendants.
_____

## ORDER

This cause is before the Court on the following:

1.    Third-Party Defendant Patricia Northey's Motion to Amend Notice of Removal (Doc. 17), filed February 16, 2017;

2. Third-Party Plaintiff Theodore Doran's Motion for Remand (Doc. 11), filed February 9, 2017; and

3. Third-Party Defendant Patricia Northey's Response to Motion for Remand (Doc. 20), filed February 20, 2017.

## I.     PROCEDURAL HISTORY

On December 11, 2013, Volusia County adopted an ordinance ("**Ordinance**") that purported to appoint Jonathan Kaney, Jr. ("**Kaney**") as special counsel for Volusia County, authorizing him to investigate allegations of improper campaign contributions against Waverly Media, LLC. (*See* Doc. 1-15.) As part of his investigation, Kaney subpoenaed a number of individuals, including Theodore Doran ("**Doran**"). (*See id.* at 8.) When Doran refused to respond to the subpoena, Kaney filed suit in state court to enforce it ("**Enforcement Action**"). (*Id.*)

Subsequently, Doran filed a third-party complaint ("**TP Complaint**") against Kaney, in his individual capacity, and several county council members—Patricia Northey ("**Northey**"), Doug Daniels, Pat Patterson, and Deborah Denys (collectively, "**TP Defendants**"). (*See* Doc. 6.) In the TP Complaint, Doran alleges that the TP Defendants conspired to: (1) violate his Fourth Amendment rights; and (2) maliciously prosecute the Enforcement Action against him. (*See id.* at 12–17.)

On February 3, 2017, Northey removed the TP Complaint to this Court. (*See* Doc. 1 ("**Notice**").) In her Notice, Northey alleges that the Court has federal question jurisdiction over this action based on the 42 U.S.C. § 1983 civil conspiracy claim ("**§ 1983 Claim**")

asserted against her. (*Id.* at 2.) Northey also alleges that the Court has supplemental jurisdiction over the state law claims in this action. (*See id.* at 3.)

On February 9, 2017, Doran moved to remand the TP Complaint. (Doc. 11 ("**Remand Motion**").) Presumably in an effort to avoid remand, Northey moved to amend the Notice to remove any reference to supplemental jurisdiction. (Doc. 17 ("**Motion to Amend**").) As grounds, Northey contends that she was mistaken in her original allegation. (*Id.*) Northey also included a copy of the proposed amended notice with her Motion to Amend. (*Id.* at 5–8.) Thereafter, Northey filed a response to the Remand Motion. (Doc. 20.) As such, the matter is ripe for adjudication.

## II.   LEGAL STANDARDS

### A.   Original Jurisdiction

Federal courts have limited subject matter jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). Cases within the original jurisdiction of the federal courts include: (1) "all civil actions arising under the Constitution, laws, or treaties of the United States"—referred to as cases within the courts' federal question jurisdiction; and (2) civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000"—referred to as cases within the courts' diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Where a federal court has original jurisdiction over some claims in an action, it may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution." *See* 28 U.S.C. § 1367.

To establish supplemental jurisdiction, the related claims must "arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). Such claims necessarily involve "the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts." *Palmer v Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1563–64 (11th Cir. 1994).

**B.     Removal Jurisdiction**

Where a federal court would have had original jurisdiction over the action filed in state court, a defendant may remove the action to federal court. 28 U.S.C. § 1441(a). If an action includes a federal claim and a state law claim that is "not within the original or supplemental jurisdiction of the district court . . . then the entire action may be removed if the action would be removable without the inclusion of the [state law] claim." 28 U.S.C. § 1441(c)(1).

### III.     ANALYSIS

As an initial matter, courts in the Eleventh Circuit have routinely held that leave to amend a notice of removal is not required when the amendment is made within the thirty-day period set forth in 28 U.S.C. § 1446(b). *See Gill v. Wells Fargo Bank, N.A.*, No. 2:15-00162-KD-N, 2016 WL 3211431, at *2 (S.D. Ala. June 9, 2016); *see also Wingard v. Guillot Textilmaschinen GMBH*, No. 2:08CV342WKW, 2008 WL 4368884, at *1 n.1 (M.D. Ala. Sept. 23, 2008); *Winters Gov't Sec. Corp. v. Nafi Emps. Credit Union*, 449 F. Supp.

239, 243 (S.D. Fla. 1976). Because Northey filed the Amended Notice within thirty days of receipt of a copy of the removable pleading, Northey was not required to seek leave to amend. Nevertheless, the Court finds that Northey's Motion to Amend is due to be granted and, thus, the Court will construe the Remand Motion in light of the Amended Notice.

Turning now to the matter of jurisdiction, the Court notes the unique procedural posture of this action, in which Northey seeks to remove as a third-party defendant. In support of removal, Northey relies on both § 1441(c) and § 1441(a). Ordinarily, if the state law claims are within the Court's supplemental jurisdiction, then § 1441(a) is the proper basis for removal. *See Fed. Nat'l Mortg. Ass'n v. Morris*, 118 F. Supp. 3d 1288, 1297 (N.D. Ala. 2015); *see also S. Timber Co. v. Ellis*, No. 4:07-cv-0215-HLM, 2008 WL 2987198, at *6 n.6 (N.D. Ga. Aug. 1, 2008) (noting that § 1367 is not an independent basis for removal). And if the state law claims are *not* within the Court's supplemental jurisdiction, then § 1441(c) provides the proper basis for removal. *See* 28 U.S.C. § 1441(c); *see also Morris*, 118 F. Supp. 3d at 1297–98.

Regrettably for Northey, a third-party defendant is not a "defendant" under § 1441(a); thus, it may not remove this action under that section.[1] *Hernando Pasco Hospice,*

---

[1] *Carrington Mortg. Servs., LLC v. Echeverria*, No. 6:16-cv-227-Orl-40KRS, 2016 WL 3344792, at *1 (M.D. Fla. June 16, 2016) ("The majority view is that third-party defendants are not 'defendants' for purposes of § 1441(a)") *Stevenson v. Mullinax*, No. 4:15-CV-0007-HLM, 2015 WL 1252051, at *3 (N.D. Ga. Feb. 25, 2015) ("The majority of courts addressing the question of whether a third-party defendant is a 'defendant' within the meaning of [§ 1441(a)] . . . have overwhelmingly concluded that such third party defendants are not defendants entitled to remove under" that section); *Roberson v. Ala. Trucking Assoc.*

*Inc. v. Meritain Health, Inc.*, No. 8:13-cv-353-T-33AEP, 2013 WL 3350886, at *3 (M.D. Fla. Jul. 2, 2013) (noting that, "§ 1441(a), by its terms, does not allow removal by a third-party defendant"); *see also Hayduk v. United Parcel Serv.*, 930 F. Supp. 584, 590 (S.D. Fla. 1996) (concluding that § 1441(a) restricts removal to the original defendant identified by the plaintiff but does not permit a third-party defendant to remove).

To rebut this conclusion, Northey relies on *Central of Georgia Railway Company v. Riegel Textile Corporation*, 426 F.2d 935 (5th Cir. 1970) for the proposition that third-party defendants may remove under § 1441(a). But *Riegel* is inapposite here, where there has been no severance of the third-party action in state court prior to removal. *See id.* at 938. Indeed, in *Riegel* the state court severance effectively created two lawsuits—thus, for removal purposes the third-party defendant was "as much a 'defendant' as if an original action had been brought against him." *See id.*; *see also Roberson,* 2012 WL 4477648, at *2 (explaining *Riegel's* procedural history, noting that the third-party's first attempt at removal prior to the state court severance resulted in remand).[2]

Hence, the remaining issue for the Court's resolution is whether the TP Complaint is removable under § 1441(c). Here, the Court has federal question jurisdiction over the

---

*Workers' Comp. Fund*, No. 3:11CV933-SRW, 2012 WL 4477648, at *2 (M.D. Ala. 2012) (explaining that a third-party defendant is not entitled to remove an action under § 1441(a)); *Persoff v. Aran*, 792 F. Supp. 803, 804–05 (S.D. Fla. 1992) (recognizing that third-party defendants may remove an action under § 1441(c), but not under § 1441(a)).

[2] Federal district courts within the Eleventh Circuit have recognized the limited application of *Riegel. See, e.g., Summit Contractors, Inc. v. Amerisure Mut. Ins. Co.*, No. 6:12-cv-1836-Orl-22GJK, 2013 WL 12153593, at *2 (M.D. Fla. Jan. 29, 2013) (applying *Riegel* because the state court had severed the third-party action prior to removal); *see also, e.g., Roberson*, 2012 WL 4477648, at *2.

§ 1983 Claim. As such, Northey contends that the TP Complaint is removable under § 1441(c) because the state law claims are not within the original or supplemental jurisdiction of the Court. (Doc. 20, p. 7.) In support of her argument, Northey contends that there is no common nucleus of operative facts between Kaney's original claim in the Enforcement Action, which involves a pure issue of state law and the TP Complaint, which concerns Doran's constitutional rights. (*Id.*) But Northey draws the wrong comparison. Rather, supplemental jurisdiction requires the Court to compare "the nucleus of facts on which the federal question claims are based" and "the nucleus of facts on which the state law claims are based." *See Upper Chattahoochee Riverkeeper Fund v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012). The nature of the claims does not drive the supplemental jurisdiction analysis; rather, it is fact-oriented. *See id.* Thus, framed correctly, the Court must determine whether the claims in the TP Complaint—which include the § 1983 Claim and the malicious prosecution claims—arise out of a common nucleus of operative facts with the claims in the Enforcement Action. *See Parker*, 468 F.3d at 743.

Here, the claims asserted in the TP Complaint and the Enforcement Action hinge on a determination of the same facts emanating from Kaney's purported subpoena power. (*See* Doc. 6, pp. 11–17.) The state law claims are, therefore, within the Court's supplemental jurisdiction under § 1367(a), which precludes Northey from removing under § 1441(c).[3] Because Northey was not entitled to remove the TP Complaint, remand

---

[3] Additionally, Northey contends that Doran incorrectly identified her as a

is required.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Third-Party Defendant Patricia Northey's Motion to Amend Notice of Removal (Doc. 17) is **GRANTED**.

2. Third-Party Plaintiff Theodore Doran's Motion for Remand (Doc. 11) is **GRANTED**.

3. The action is **REMANDED** to the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida.

4. The Clerk is **DIRECTED** to terminate all pending motions, and close the case:

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 28, 2017.



ROY B. DALTON JR.
United States District Judge

---

third-party defendant; rather, she asserts she is a counter-defendant and may, thus, remove under § 1441(c). (*See* Doc. 20, p. 12 (citing *N. Star Capital Acquisitions, LLC v. Krig*, No. 3:07-cv-264-J-32MCR, 2007 WL 3522425, at *4 (M.D. Fla. Nov. 15, 2007).) But even if the Court realigned the parties as Northey suggests, the existence of supplemental jurisdiction over the state law claims prevents removal under § 1441(c). Because the Court finds that § 1441(c) is inapplicable, the Court need not address this argument. Moreover, counter-defendants are also foreclosed from removing an action under § 1441(a). *See Fed. Deposit Ins. Co. v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1072 (11th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

Copies:

Counsel of Record

The Circuit Court of the Seventh Judicial
Circuit in and for Volusia County,
Florida